UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-cv-00156-R

**STANLEY BEAUCHAMP**                                                                 **PLAINTIFF**

v.

**CITY OF PADUCAH and**
**JAMES ZUMWALT, in his official and individual capacities**         **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the Court upon Defendants' Motion for Summary Judgment (DN 14). Plaintiff has responded (DN 19), and Defendants have replied (DN 22). This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion is GRANTED.

## BACKGROUND

Plaintiff Stanley Beauchamp is currently employed as the Executive Director of the Paducah Human Rights Commission ("PHRC"). The PHRC investigates complaints of discrimination originating in McCracken County. In July 1998, the PHRC conducted an investigation regarding racial discrimination within the Paducah Police Department. About a month later, Defendant James Zumwalt, City Manager of the City of Paducah, entered the PHRC office and took a copy of the police department investigation report. He returned the report the following day and left a note for Beauchamp notifying him that he had borrowed it. Disturbed by Zumwalt's conduct, Beauchamp contacted the Human Rights Commission Board ("Board"), which consists of nine members appointed by the Mayor and approved by the City of Paducah ("City") and governs the PHRC. Zumwalt was chastised by the Board for his actions. Beauchamp alleges that in retaliation for reporting him to the Board, Zumwalt has attempted to terminate his employment by eliminating funding for his position and has sought to eliminate his

secretarial support. In March 2007, Beauchamp filed a Charge of Discrimination with the Equal Employment Commission, claiming that Zumwalt had discriminated against him in retaliation for Beauchamp reporting him to the PHRC Board. In his Complaint, Beauchamp alleges Defendants unlawfully retaliated against him for engaging in protected activity. Defendants have moved for summary judgment.[1]

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of

---

[1] In his response, Beauchamp voluntarily dismissed Counts I and III from his Complaint.

material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

### I. Zumwalt, in his individual capacity, is entitled to summary judgment.

Beauchamp appears to have conceded Zumwalt, in his individual capacity, cannot be found liable under Count II of the Complaint. Beauchamp does not address Defendants' argument that Zumwalt is not Beauchamp's supervisor, nor could he be held individually liable under Title VII. Because "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII," *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997), and because there is no evidence that Zumwalt was Beauchamp's employer or even his supervisor, Zumwalt, in his individual capacity, is entitled to summary judgment on Count II of Beauchamp's Complaint.

### II. Beauchamp has not satisfied his prima facie burden, therefore Defendants are entitled to summary judgment.

In order to establish a prima facie case of retaliation under Title VII, Beauchamp must establish that (1) he "engaged in protected activity," (2) his "employer knew of the exercise of the protected right," (3) "an adverse employment action was subsequently taken against" Beauchamp, and (4) "there was a causal connection between the protected activity and the adverse employment action." *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 720 (6th Cir. 2008). If Beauchamp establishes a prima facie case of retaliation, the burden shifts to the City[2] "to produce evidence of a legitimate, nondiscriminatory reason for its actions." *Id.* If the City

---

[2] The City argues that it is not Beauchamp's employer. The Court does not need to settle this question because Beauchamp's claims fail regardless.

satisfies this burden, Beauchamp "must then demonstrate by a preponderance of the evidence that the legitimate reason offered by the employer was in fact only a pretext designed to mask retaliation." *Id.*

With respect to the first prong of the prima facie case, the retaliation provision of Title VII "prohibits an employer from retaliating against an employee who has 'opposed' any practice by the employer made unlawful under Title VII; and prohibits an employer from retaliating against an employee who has 'participated' in any manner in an investigation under Title VII." *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 578 (6th Cir. 2000); 42 U.S.C. § 2000e-3(a). Beauchamp argues that he engaged in protected activities when he reported Zumwalt to the Board in 1998, and when he filed the EEOC Charge of Discrimination in 2007. While filing an EEOC charge is protected activity, reporting Zumwalt to the Board is not.

"Under Title VII, an employee is protected against employer retaliation for opposing any practice that the employee reasonably believes to be a violation of Title VII." *Johnson*, 215 F.3d 561, 579 (6th Cir. 2000). "Opposing" conduct protected by Title VII includes "complaining to anyone" "about alleged discrimination against oneself or others." *Id.* at 579, 580. "[T]he opposition [must] be based on 'a reasonable and good faith belief that the opposed practices were unlawful.'" *Id.* at 579 (citation omitted).

When Zumwalt entered the PHRC office and took the investigation report, returning it the next day with a note telling Beauchamp that he borrowed it, Zumwalt did not violate Title VII. He did not discriminate against Beauchamp or anyone else. His actions were unrelated to unlawful employment practices under Title VII. *See* 42 U.S.C. § 2000e-2. As the executive director of an advisory board that investigates charges of discrimination, Beauchamp could not

4

have reasonably believed he was opposing conduct protected under Title VII when he reported Zumwalt to the Board. Therefore, reporting Zumwalt to the Board does not constitute protected activity.

With respect to the second prong of the prima facie case, the City knew Beauchamp exercised a protected right by filing the EEOC charge.

With respect to the third prong of the prima facie case, an adverse employment action "in the retaliation context is not limited to an employer's actions that affect the terms, conditions, or status of employment, or those acts that occur in the workplace." *Niswander*, 529 F.3d at 720. "The retaliation provision instead protects employees from conduct that would have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (quoting *Burlington N. & Santa Fe R.R. Co. v. White*, 548 U.S. 53, 68 (2006)).

In his Complaint, the only incidents that allegedly occurred after Beauchamp filed his EEOC charge in March 2007 are described in Paragraphs 27 and 28. In Paragraph 27, Beauchamp states that Zumwalt told city policymakers about Beauchamp's EEOC charge against the City. Beauchamp does not address this claim in his response. In Paragraph 28, Beauchamp claims that in May 2008 "Zumwalt attempted to eliminate funding for Beauchamp's position from the fiscal year 2008-2009 budget" and in support of his recommendation Zumwalt "cited the fact that Beauchamp filed a Charge of Discrimination against Zumwalt and Paducah." Beauchamp states that as a result "the PHRC proposed budged was placed on the Decision Item list and Beauchamp merely received a cost-of-living adjustment." He further alleges, without referencing any dates, that due to Zumwalt's interference the allocation for secretarial services and the PHRC promotional account has been reduced. In his response, Beauchamp also states

that Zumwalt's efforts "led to a slashing of the PHRC budget and resulted in a pay cut of more than 50% for Beauchamp for FY2010."[3]

Beauchamp bears the burden of establishing his prima facie case. Yet his response discusses adverse employment actions in one paragraph. He does not cite any law to support an argument that the above facts constitute adverse employment actions. He does not cite any evidence to support his claims. His only argument is that "[s]urely, these circumstances would have a chilling effect on any individuals who might engage in protected activities similar to those engaged in by Plaintiff." He does not even address the fourth prong of the prima facie case, the causal connection between the protected activity and the adverse employment action, at all. Consequently, the Court finds Beauchamp failed to satisfy his burden of establishing a prima facie case of retaliation.

Even if Beauchamp could satisfy his prima facie burden, however, Defendants would still be entitled to summary judgment because Beauchamp has not provided any evidence that the City's justification for its budget decisions is "only a pretext designed to mask retaliation." *Niswander*, 529 F.3d at 720. The City states that the decision of how much money to allocate to the PHRC has been dictated by budgetary constrains. The Court finds that this is a legitimate, non-discriminatory reason for not allocating more resources to the PHRC and for reducing Beauchamp's salary. Beauchamp does not mention pretext in his Complaint or response. Therefore, Defendants are entitled to judgment as a matter of law.

---

[3] This allegation is not included in Beauchamp's Complaint. Nevertheless, Defendants request the Court consider it because they argue Beauchamp still failed to meet his burden.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (DN 14) is GRANTED.

An appropriate order shall follow.